UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


LIDIA MACHADO                                CIVIL ACTION

VERSUS                                       NO: 07-5388

LOWE'S HOME CENTERS, INC. ET                 SECTION: "R"(5)
AL.


                           **ORDER AND REASONS**

    Plaintiff Lidia Machado moves the Court to remand this matter to state court on the ground that defendant's removal petition was untimely. For the following reasons, the Court DENIES plaintiff's motion to remand.


    **I.   BACKGROUND**

    Plaintiff was injured on June 13, 2006 while shopping at Lowe's. She alleges that a Lowe's employee was pushing a cart full of two by fours and some pieces of lumber fell and hit her on her back, neck, and arm. (R. Doc. 1-2). Plaintiff sent a demand letter to defendant on May 11, 2007 seeking $75,000.

Plaintiff then filed this action in state court on June 7, 2007. As required by Louisiana law, her petition did not seek a specific amount of damages.

Defendant removed the case to this Court on September 4, 2007, asserting that the Court has jurisdiction under 28 U.S.C. § 1332 because the citizenship of the parties is diverse, and the amount in controversy exceeds $75,000. Defendant states in its notice of removal that upon receiving plaintiff's responses to interrogatories on August 10, 2007, defendant became aware of the extent of plaintiff's injuries and medical expenses and that the case in controversy exceeds the $75,000 jurisdictional limit for a diversity case. (R. Doc. 1). Plaintiff now moves to remand on the ground that defendant's notice of removal was untimely. Plaintiff contends that defendant was on notice that the amount in controversy was satisfied when it received her settlement demand before she filed suit.

**II.  ANALYSIS**

Section 1446(b) regarding removal provides in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which is may first be ascertained that the case is one which is or has become removable...

28 U.S.C. § 1446(b). Plaintiff relies on the pre-suit demand letter to assert that removal was untimely. Plaintiff asserts that the letter plus the petition would have shown the case to be removable, thus starting the removal clock on the date the defendant received the petition. Plaintiff's argument is foreclosed by *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th 1992). In *Chapman*, the court stated that the initial pleading triggers the removal clock only when "that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount." *Id.* at 163. The court found that this rule served the interests of judicial economy in that it obviated the need to inquire into the subjective knowledge of the defendant. *Id.* Here, plaintiff's petition did not specifically allege that the damages sought exceeded the federal jurisdictional minimum. Under *Chapman*, receipt of the petition did not start the removal clock.

*Chapman* also held that the plaintiff could not rely on pre-suit documents as "other paper" for the purposes of triggering the removal clock under the provision of Section 1446(b) that

permits removal within 30 days of receipt of "other paper" that makes it ascertainable that the case is removable.  Rather, the court held that the plain language of Section 1446(b) means that if "'other paper' is to start the thirty-day time period, a defendant must receive the 'other paper' after receiving the initial pleading." *Id.* at 164.  Plaintiff's argument that removal was untimely is therefore without merit.  The Court finds that it has diversity jurisdiction over this matter and denies plaintiff's motion to remand.

New Orleans, Louisiana, this <u>6th</u> day of November, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE